CENTER FOR DISABILITY ACCESS
Michelle Uzeta, Esq., SBN 164402
michelleu@potterhandy.com
Mark Potter, Esq., SBN 166317
mark@potterhandy.com
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **William Mitchell**, <br><br> Plaintiff, <br><br> v. <br><br> **JPB Medical Group Inc. dba Century Medical Group** and Does 1-10, Inclusive, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of**: <br> 1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 *et seq.*; <br> 2. California's Unruh Civil Rights Act, Cal. Civ. Code §51 *et seq.*; and <br> 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.* |

Plaintiff William Mitchell ("Plaintiff") complains of Defendants JPB Medical Group Inc. dba Century Medical Group and Does 1-10, Inclusive, (collectively "Defendants") and alleges as follows:

Complaint

## INTRODUCTION

1. Plaintiff William Mitchell brings this lawsuit to challenge the discriminatory acts and omissions of JPB Medical Group Inc. dba Century Medical Group.

2. Plaintiff alleges that he personally encountered physical barriers and inaccessible medical equipment at the medical offices of Century Medical Group that resulted in his being subjected to inferior treatment and services. Defendants' acts and omissions, as set forth herein, have subjected Plaintiff to discrimination on the basis of his disability in violation of Title III of the Americans with Disabilities Act and California civil rights statutes.

3. As a direct and proximate result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from accessing the goods, services, facilities, privileges, advantages, or accommodations offered by Century Medical Group.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him "full and equal" access to Defendants' goods, services, facilities, privileges, advantages, or accommodations as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing his civil rights.

## PARTIES

5. Plaintiff William Mitchell is, and at all times relevant herein was, a California resident with physical disabilities who uses an electric wheelchair for mobility. Plaintiff is, and at all times relevant herein was, a "qualified person with a disability" and a "disabled person" as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 36.104) and California law (Cal. Gov. Code § 12926).

Complaint

6. Defendant JPB Medical Group Inc. is, and at all times relevant herein was, the owner, operator, lessor and/or lessee of the medical facilities known as Century Medical Group ("Century Medical"), and located at 15243 Vanowen Street, Suite 406, in the City of Van Nuys, California.

7. Plaintiff is currently unaware of the true identities of Does 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including, the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* and the

Complaint

Disabled Persons Act, Cal. Civ. Code § 54.1 et seq., both of which expressly incorporate the Americans with Disabilities Act. Cal. Civ. Code §§ 51(f), 54.1(d).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that Plaintiff's causes of action arose in this district.

**FACTUAL ALLEGATIONS**

12. After moving back to California from Florida in 2012, Plaintiff started visiting Century Medical, and specifically Mitchell Nishimoto, M.D. for medical treatment.

13. Once a month between early 2012 and May 2014 Plaintiff visited Century Medical to see Dr. Nishimoto and personally encountered the following barriers:
    a. No wheelchair accessible scale;
    b. No wheelchair accessible exam room; and
    c. No wheelchair accessible exam table.

14. As the direct and proximate result of there not being a wheelchair accessible scale at Century Medical, Plaintiff was never weighed by medical staff at the facility like other patients receiving treatment. Plaintiff complained about the facility's lack of a wheelchair accessible scale repeatedly, to no avail.

15. As the direct and proximate result of there not being a wheelchair accessible exam room at Century Medical, Plaintiff was forced to be seen by medical personnel in an exam room that was too small to accommodate his wheelchair. In order for Plaintiff to fit in the exam room in his wheelchair, a chair had to be removed from the room and he had to back in the doorway. Once in the room he was stuck in one position, as there was

insufficient room for him to turn around without hitting furniture and medical equipment.

16. On information and belief, there are no wheelchair accessible exam rooms at Century Medical; the room that Plaintiff was seen in was the largest room at the facility and still too small to adequately accommodate him as a wheelchair user.

17. As the direct and proximate result of there not being a wheelchair accessible exam table at Century Medical, Plaintiff was forced to be examined in his wheelchair. The exam table at Century Medical does not elevate up or down to make it easy for wheelchair users to get onto the table. Nor was any type of accessible gurney or lift provided to facilitate transfer. Plaintiff complained about the facility's lack of a wheelchair accessible exam table repeatedly, to no avail.

18. The lack of accessible equipment and an accessible exam room at Century Medical caused Plaintiff to experience difficulty, inconvenience, physical and emotional distress, frustration, embarrassment, anger, fear, anxiety and feelings of helplessness.

19. The lack of accessible equipment and an accessible exam room at Century Medical resulted in Plaintiff being provided with inferior medical treatment and services. Patients of Century Medical who do not use wheelchairs received more thorough medical exams than Plaintiff received. Plaintiff was unable to have his weight monitored and had to be examined while seated in his wheelchair. The inability to be fully examined on an exam table compromised the quality and thoroughness of Plaintiff's medical care.

20. At all times relevant herein, Defendants did not have a wheelchair accessible scale at Century Medical.

21. On information and belief, Defendants still do not have a wheelchair accessible scale at Century Medical.

Complaint

22. At all times relevant herein, Defendants did not have a wheelchair accessible exam room at Century Medical.

23. On information and belief, Defendants still do not have a wheelchair accessible exam room at Century Medical.

24. At all times relevant herein, Defendants did not have a wheelchair accessible exam table at Century Medical.

25. On information and belief, Defendants still do not have a wheelchair accessible exam table at Century Medical.

26. On information and belief, there are additional access barriers and discriminatory policies that exclude and deter Plaintiff from enjoying full and equal access to and use of the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public at Century Medical. Additional access barriers will be confirmed by Plaintiff through a noticed site inspection, at which time he will amend his Complaint.

27. In light of the ongoing access issues at Century Medical, Plaintiff was referred to another doctor through his Medicare Supplemental Medical Plan in or about May of 2014.

28. Plaintiff would like to return to Century Medical for ongoing medical treatment and services. Until the access barriers at Century Medical are removed and Defendant's unlawful and discriminatory policies modified, Plaintiff will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public, and will suffer ongoing discrimination by being prevented and deterred from returning there.

29. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

Complaint

**FIRST CAUSE OF ACTION**
**Title III of the Americans with Disabilities Act**
**42 U.S.C. §12101 *et seq*.**

30. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

31. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

32. Century Medical is a professional office of a health care provider. Professional offices of health care providers are among the "private entities" which are considered "public accommodations" for purposes of Title III. 42 U.S.C. 12181(7)(F).

33. Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA. Defendants' discriminatory conduct includes, but is not limited to:

    a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i);

    b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii);

Complaint

    c. Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(1);

    d. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2);

    e. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); and

    f. Failing "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

34. Defendants' duties under Title III are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

35. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

Complaint

## SECOND CAUSE OF ACTION
## Unruh Civil Rights Act
## California Civil Code § 51 *et seq.*

36. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

37. Century Medical is a business establishment, as contemplated by the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*

38. Defendants own and operate Century Medical and, as such, must comply with the provisions of the Unruh Act.

39. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

40. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f); *Arnold v. United Artists Theatre Circuit, Inc.*, 866 F.Supp. 433, 439 (N.D.Cal.1994).

41. Defendants have violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiffs' rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Century Medical.

42. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the California state accessibility regulations and the ADA.

43. Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their

Complaint

duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

44. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
### California Disabled Persons Act
### California Civil Code § 54.1 *et seq.*
### (*Statutory damages and attorneys' fees only*)

45. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

46. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all ... places of public accommodation, ... and other places to which the general public is invited...." Cal. Civ. Code § 54.1(a).

47. Century Medical is a medical office, place of public accommodation and/or other place to which the general public is invited, subject to the CDPA.

48. A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54.1(d).

49. Defendants have violated the CDPA by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to Century Medical.

Complaint

50. Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

51. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

52. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction ordering Defendants to:
   a. Purchase a number of wheelchair accessible scales sufficient to serve Century Medical's patient population;
   b. Purchase a number of wheelchair accessible exam tables sufficient to serve Century Medical's patient population;
   c. Retrofit the Century Medical facilities such that there are enough wheelchair accessible exam rooms to serve Century Medical's patient population;
   d. Adopt a nondiscrimination policy at Century Medical;
   e. Train Century Medical's staff on their obligations under the ADA.

   ***Note***: *the Plaintiff is not invoking section 55 of the California Civil Code and is **not** seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: March 25, 2015                    CENTER FOR DISABILITY ACCESS

By: *Michelle Uzeta*
Michelle Uzeta
Attorneys for Plaintiff

Complaint